## Woodford v. Blood.

*Appeal from Jones District Court — Wednesday, July* 26.

IRRELEVANT TESTIMONY.

ACTION upon fourteen notes, from $5 to $50 each, made by the defendant to the plaintiff, in the State of New York. The defendant in his answer admits the execution of the notes; avers they were

given for a usurious consideration, and that by the laws of New York all usurious contracts are wholly void. Trial to a jury; verdict and judgment for the defendant. Plaintiff appeals.

*Stacy & Remley* for the appellant — *Pierce & Keeler* and *Scott & Ercanbrack* for the appellee.

COLE, J. — The only question at issue by the pleadings, which was submitted to the jury for determination, was the one of usury. The defendant introduced himself as a witness, and was asked by his counsel : " What were your habits in respect to drinking intoxicating liquors at and during the time of your transactions with plaintiff with respect to the notes sued on ?" Plaintiff objected because it was irrelevant and incompetent. The court overruled the objection; the plaintiff excepted, and the witness answered: "I was in the habit of using intoxicating liquors and had been for ten years; I was pecuniarily embarrassed at the time." The like objections, ruling and exception were also made to the following questions and answers: " Did plaintiff know of your habits and embarrassment ? He did know of my habits and circumstances; he knew me to be a drinking man and knew of my pecuniary embarrassments; he frequently drank with me, and thus used part of the money borrowed. Did you and plaintiff drink together? I have drank with plaintiff. What was plaintiff's business? Plaintiff played cards from morning till night, except when shaving notes. For what purpose did you borrow the money ? I got the money, some of it to pay what I owed and some for other things; one $10 note was to pay borrowed money ; I spent the $10 for liquors and oysters, and I borrowed the other $10 to pay the borrowed money. Was plaintiff with you when you spent this $10 ? Plaintiff was present when it or a part of it was spent for liquors and oysters ; he drank some with me."

Three questions and answers and the one to Susan Walbridge about spreeing are all irrelevant and incompetent, and should have been excluded. They have no bearing upon the question of usury and could only tend to prejudice the plaintiff's cause with the jury; and to our minds, as we have the evidence, the verdict shows very plainly that such was its effect.

Reversed.